UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF<br>COOPER MARINE INC. | CIVIL ACTION<br><br>NO. 24-2778 *consol. w/*<br>NO. 25-730<br><br>SECTION L (5) |

**<u>ORDER & REASONS</u>**

This is a limitation of liability proceeding. Before the Court is Claimant Justin Garcia's Motion for Summary Judgment on the claims of Ingram Barge Company, LLC ("Ingram") and Nucor Steel Louisiana, LLC ("Nucor"). Ingram, Nucor, and Limitations Petitioner Cooper Marine, Inc. ("Cooper Marine") oppose the motion. R. Docs. 26, 27, and 28. Justin Garcia replied. R. Doc. 38. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

## I.  BACKGROUND

Petitioner Cooper Marine brought the instant suit seeking limitation of liability for an incident which involved the death of a deckhand, Gage Garcia. R. Doc. 1 at 2. Cooper Marine is the owner and operator of a 139-gross-ton towing vessel, the M/V HONEST BOB. *Id.* at 1. Gage Garcia was a member of the crew of the HONEST BOB. *Id.* On October 15, 2024, the HONEST BOB was "performing fleet operations" on the lower Mississippi River at approximately mile marker 163. *Id.* These operations required the HONEST BOB to move barges between a loading terminal and a barge fleet. *Id.* Cooper Marine alleges that on this date, "while performing his duties aboard the HONEST BOB," Gage Garcia "died in an unwitnessed incident." *Id.* at 2. Cooper Marine thereafter filed a limitation proceeding in this Court seeking limitation of liability for all claims arising from the accident. It avers that the HONEST BOB was seaworthy and, regardless, that it lacked privity or knowledge regarding any unseaworthiness. It thus seeks limitation of its liability to $550,000, the value of the vessel. Overall, three parties brought

claims in the limitations proceeding: (1) Nucor Steel, (2) Ingram Barge and (3) Justin Garcia, on behalf of the estate of Gage Garcia.

Nucor owned the facility where the HONEST BOB was working at the time of the incident. R. Doc. 8 at 5. Nucor uses the "river terminal facility" to "transfer its product, including direct reduced iron ("DRI") pellets, onto barges and other vessels for shipment." *Id.* Nucor alleges that "on October 15, 2024, Nucor was performing routine barge loading operations that included loading DRI onto barges at the terminal facility. Once the barges are loaded, vessels owned and operated by Cooper Marine, including the M/V HONEST BOB, take control of the barges and position them into a fleet located downriver from the terminal." *Id.* It avers that Gage Garcia died during these fleeting operations. *Id.* Nucor asserts that Cooper Marine is liable for the death of Gage Garcia. *Id.* However, it alleges that "if any party or claimant alleges a claim or cause of action against Nucor in connection with the Incident, Nucor is entitled to indemnity and contribution from Cooper Marine to the extent of its negligence or other fault." Further, Nucor also brings a claim against third-party defendant Cooper/T. Smith Stevedoring Company, Inc. ("CTS"). It alleges that at the time of the incident, Nucor and CTS "had in force a barge services agreement" under which CTS would provide barge fleeting services to Nucor at its Covenant facility. *Id.* at 8. Nucor alleges that it is also entitled to indemnity from CTS. *Id.*

Ingram Barge also filed a claim in the proceeding. R. Doc. 6. It explains that it owns the "unmanned barge," IN176102, and that the HONEST BOB was "performing fleeting work with or near the IN176102 at the time of the accident. *Id.* at 7. Like Nucor Steel, Ingram Barge avers that Cooper Marine is liable for the incident. *Id.* at 8. Similarly, Ingram Barge also avers that to the extent it is sued in regard to the incident, it is entitled to indemnity from Cooper Marine. *Id.* Ingram Barge has also brought its own separate limitation of liability proceeding. *See* Case No. 25-730, R. Doc. 1. Again, it alleges that Cooper Marine is liable for the accident and that its

barge, IN176102, was at all times seaworthy. *Id.* But if this barge is found unseaworthy, then Ingram claims it had no privity or knowledge of this condition. *Id.* Accordingly, it seeks limitation for the value of the barge and its freight, valued at $719,875.32. Ingram's limitations proceeding has been consolidated with Cooper Marine's limitations proceeding. R. Doc. 39.

Finally, Justin Garcia brings a claim in the limitations proceeding against Cooper Marine. R. Doc. 7. He avers that at the time of the accident, Gage Garcia was "a Jones Act seaman who was engaged in sea-based work and who was employed by Cooper Marine." R. Doc. 7 at 10. He maintains that on October 15, 2025, Gage was "instructed to perform work onboard the M/V HONEST BOB that put him in danger and at risk of severe injuries." *Id.* Further, Justin Garcia alleges that Cooper Marine "did not provide proper training, assistance, or supervision and exposed the decedent to extreme hazards." *Id.* He alleges that the vessel was unseaworthy based on an inadequately trained crew and lack of safety equipment among various other failures and acts of negligence. *Id.* He also maintains that Cooper Marine had privity or knowledge of the injury-causing actions and subjective awareness of the risk. *Id.* at 13.

On May 7, 2025, this Court granted Cooper Marine's motion for default of all claims not timely raised in the limitations proceeding. R. Doc. 37. Cooper Marine also answered the claims of Nucor and Ingram. R. Docs. 24, 25. In its answers, Cooper Marine avers that it is entitled to indemnity and contribution from Nucor and Ingram. R. Doc. 24 at 1; R Doc. 25 at 1.

Nucor and Cooper Marine also filed claims in Ingram's limitations proceeding. R. Docs. 41, 42. Cooper Marine avers that the accident was cased by Ingram's negligence in maintaining the barge. R. Doc. 41 at 9. Nucor, for its part, seeks indemnity from Ingram to the extent that Ingram is found liable and Nucor is sued. R. Doc. 42 at 5.

3

## II. PRESENT MOTION

Justin Garcia moves for summary judgment on the claims of Nucor and Ingram. R. Doc. 19. In brief, he contends that their claims are improperly hypothetical and speculative. R. Doc. 19-1. He avers that he is the only proper party authorized to bring claims on behalf of Gage Garcia. *Id.* He further argues that Nucor and Ingram's claims for contribution and indemnity against Cooper Marine in the limitation proceeding are couched in terms of "if" and "to the extent" Justin Garcia sues Nucor and Ingram regarding the accident. *Id.* However, he avers that he "has not filed a lawsuit against Nucor or Ingram." *Id.* Accordingly, he argues that the claims must be dismissed. *Id.* at 4. He argues that the presence of these other parties only serves to improperly impede his ability to request that this Court lift the limitations stay and allow him to proceed against Cooper Marine in state court. *Id.*

Cooper Marine, Nucor, and Ingram all oppose the motion, making similar arguments in support of their positions. R. Docs. 26, 27, 28. Overall, they explain that the accident seems to have occurred while the HONEST BOB was working with Ingram's barge, and adjacent to a facility owned by Nucor while performing work transporting Nucor's product. Accordingly, Cooper Marine alleges that "[i]t is certainly conceivable, if not likely, that after some basic discovery, Garcia will choose to file a lawsuit against Nucor and / or Ingram." R. Doc. 26 at 4. Similarly, although Nucor and Ingram disclaim liability, they assert that they reasonably fear that Garcia will sue them regarding the incident. R. Doc. 27 at 4; R. Doc. 28 at 3. Moreover, they point out that despite Garcia's representation that he has not *yet* sued Nucor and Ingram, Garcia has notably refused to sign a release as to these parties or otherwise stipulate that he will not sue them in the future. R. Doc. 27 at 6; R. Doc. 28 at 9. Moreover, Nucor alleges that it already has "a current and existing loss for which it seeks indemnification from CTS" which includes "attorney fees and internal costs that Nucor has already incurred because of the incident." R. Doc. 27 at 9. Accordingly, it avers that at the least, its third party-claim against CTS is not properly dismissed. *Id.* Finally, Nucor also urges that Justin

Garcia lacks standing to even seek dismissal of Nucor and Ingrams claims against Cooper Marine. *Id.* at 3.

Justin Garcia replied, generally re-urging his position that Nucor and Ingram's claims are hypothetical and unduly prejudice his right to try his claim in state court. R. Doc. 38.

## III. APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c*); Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A fact is "material" if its resolution in favor of one party may affect the outcome of the case. *See Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993).

## IV. DISCUSSION

Here, the parties dispute (1) whether Nucor and Ingram's claims in Copper Marine's limitations proceeding are improperly hypothetical, such that they must be dismissed, and (2) if so, whether Justin Garcia has standing to seek dismissal of these claims. Because the Court finds that Nucor and Ingram's claims are properly made and not speculative, the Court need not reach the issue of whether Mr. Garcia has standing to request dismissal of the claims.

**A. Nucor and Ingram's Claims are Not Premature.**

Overall, Mr. Garcia contends that Nucor and Ingram's claims are improperly hypothetical. Thus, he seeks dismissal of the claims, arguing that their existence prejudices his right to request that this Court lift the present stay in this case and allow him to return to state court. The Court first explains the background and purpose of a limitations proceeding before examining whether Nucor and Ingram's claims are proper.

The Limitation of Liability Act, 46 U.S.C. §§ 181-89, permits a shipowner facing potential liability for a maritime accident to file a petition in federal court to "limit" its liability. The Limitation Act provides that if the shipowner did not have "privity or knowledge" of the accident in question, the owner's liability is limited to "the amount or value of the interest of such owner in such vessel, and her freight then pending." 46 U.S.C. § 183(a). Once a shipowner files a complaint seeking limitation of liability, "the federal district court stays all related claims against the shipowner pending in any forum, and requires all claimants to assert their claims in the limitation court." *Magnolia Marine Transp. v. Laplace Towing Corp.,* 964 F.2d 1571, 1575 (5th Cir. 1992). Where multiple claims are filed against the limitations petitioner, this "concursus" of claims "prevents claimants from securing judgments in various courts that, in the aggregate, exceed the fund and, thus, assures the owner that he will not be required to pay damages in excess of the statutory limit." *Gorman v. Cerasia,* 2 F.3d 519, 525 (3d Cir. 1993).

In *Lewis v. Lewis & Clark Marine, Inc*, the Supreme Court explained that "some tension exists" between the Limitation Act and the "saving to suitors clause," 28 U.S.C. 1333(1), which provides complainants with the right to seek a common law remedy in state court.  531 U.S. 438, 448 (2001). This is because the savings to suitors clause "gives suitors the right" to a state-court forum while the Limitations Act "gives vessel owners the right to seek limitation of liability in federal

court." *Id.* Accordingly, the Court in *Lewis & Clark* explained that district courts should balance

these competing rights as follows:

> The district courts have jurisdiction over actions arising under the
> Limitation Act, and they have discretion to stay or dismiss Limitation
> Act proceedings to allow a suitor to pursue his claims in state court. If
> the district court concludes that the vessel owner's right to limitation
> will not be adequately protected—where for example a group of
> claimants cannot agree on appropriate stipulations or there is
> uncertainty concerning the adequacy of the fund or the number of
> claims—the court may proceed to adjudicate the merits, deciding the
> issues of liability and limitation . . . But where [the] District Court
> satisfies itself that a vessel owner's right to seek limitation will be
> protected, the decision to dissolve the injunction is well within the
> court's discretion.

*Id.* at 454 (internal citations omitted). Thus, "the Fifth Circuit has recognized two instances in which

a district court must allow a state court action to proceed outside of a limitation action." *Crescent

Towing & Salvage Co. v. M/V Jalma Topic*, No. 21-1331, 2024 WL 2239131, at *2 (E.D. La. May

17, 2024). These are:

> (1) When the total amount of the claims does not exceed the
> shipowner's declared value of the vessel and its freight, and (2)
> when all claimants stipulate that the federal court has exclusive
> jurisdiction over the limitation proceeding, and that the claimants
> will not seek to enforce a damage award greater than the value of
> the ship and its freight until the shipowner's right to limitation has
> been determined by the federal court.

*Id.* (quoting *Odeco Oil and Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996)). In

these two situations, the right of the shipowner to avoid being faced with multiple state court

judgments which exceed the value of the limitation fund is adequately protected. Overall, "the district

court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap,

and to reserve the adjudication of that right in the federal forum." *Odeco*, 74 F.3d at 674.

In keeping with the policy of the Limitations Act, the Fifth Circuit has explained that "parties

seeking indemnification and contribution from a shipowner must be considered claimants within the

meaning of the Limitation Act." *Id.* at 675. This is because failure to consider suits for indemnity as

"claims" could create the exact multiple-claimant inadequate-fund situation the Limitations Act seeks to avoid. As explained by the Third Circuit:

> A multiple claimant situation could arise, for example, if the plaintiffs seek to enforce a state court judgment against the shipowner up to the value of the limitation fund and then seek to recover the remaining amount of the judgment against the shipowner's co-defendants. If the defendants do not sign protective stipulations with the admiralty court, they would not be foreclosed from recovering against the shipowner for contribution, even though his or her liability (assuming a finding of no privity or knowledge) has already been exhausted. It is precisely this kind of competition for the limitation fund that the Act was designed to avoid.

*Gorman v. Cerasia*, 2 F.3d 519, 528 (3d Cir. 1993).

Crucially, this Court has already held that a *potential* defendant in a maritime accident case may properly bring indemnity and contribution claims against the limitations petitioner, even where the potential defendant has not yet actually been sued in state court. For example, in *In re Suard Barge Service, Inc.*, a limitations petitioner sought to dismiss the claims of two potential co-defendants, each of which had filed claims for indemnity in the limitations proceeding. *In Matter of Suard Barge Serv., Inc.*, No. 96-3185, 1997 WL 538870, at *1 (E.D. La. Aug. 26, 1997). The limitations petitioner argued that the claims were "premature" because no one had actually sued the indemnity claimants regarding the accident. *Id.* However, the Court refused to dismiss the claims, explaining that the reasoning behind the standard rule—that those seeking indemnity are proper claimants in a limitations proceeding—is "equally persuasive" even where the indemnity claimants have not yet been sued. *Id.* at *4. The Court explained that the injured parties had specifically reserved their rights to sue all other parties, including the indemnity claimants. *Id.* Further, the Court noted that the limitations petitioner had itself filed a cross-claim for indemnity against the indemnity claimants. *Id.* Accordingly, the Court refused to dismiss the claims as premature, explaining that

keeping the indemnity claims in the limitations action "ultimately protects [the limitations petitioner] from incurring a liability in excess of the limitation it may be entitled to." *Id.*

This Court agrees with the reasoning of *Suard Barge*. Although Justin Garcia represents that he has not *yet* sued Nucor or Ingram, Mr. Garcia has specifically reserved his right to sue other parties. R. Doc. 7 at 14. Moreover, he has not filed any stipulations releasing these entities from suit. Nucor and Ingram both raised the possibility of stipulations at a status conference before the Court on May 14, 2025, but no stipulations or releases have been executed to the Court's knowledge as of the date of this Order. R. Doc. 40. Moreover, Mr. Garcia has not, in fact, filed suit in state court against *anyone* regarding this case, even limitations petitioner Cooper Marine. Accordingly, it is not yet clear who he will name as defendants in any future suit. Overall, the Court cannot simply assume that despite Mr. Garcia's failure to release Nucor and Ingram, he will refrain from suing them.

Furthermore, in *Suard Barge*, the court also reasoned that dismissal of the indemnity claims was improper because the limitations petitioner had itself brought a cross-claim against these claimants for indemnity. 1997 WL 538870, at *4. Here, similarly, Cooper Marine alleges in its Answers that it is entitled to indemnity from Nucor and Ingram. R. Doc. 24 at 1; R. Doc. 25 at 1. Accordingly, the indemnity relationship between these parties is very much live in the case. Further, as Nucor explains, it has a "current and existent loss" of "attorneys fees and internal costs that Nucor has already incurred because of the incident" for which it seeks indemnification. R. Doc. 27 at 9. Thus, it appears that the parties already dispute who should bear the costs of filing the existing briefing in the instant case. The Court therefore cannot classify the claims as truly speculative on this basis alone.

Even more fundamentally, it is not speculative to assume that Ingram will be sued regarding the incident because Cooper Marine has, indeed, already filed a claim in Ingram's limitations proceeding averring that Ingram is at fault. R. Doc. 41. Cooper Marine contends that Ingram's

negligent failure to maintain its barge, IN176102, caused Gage Garcia's death. *Id.* at 9. Accordingly, even if Justin Garcia never files suit against Ingram, Ingram could still be found liable for the accident pursuant to Cooper Marine's claim against it. Thus, dismissal of Ingram's indemnity claim against Cooper Marine would be improper on this basis.

Overall, the Court cannot deem Nucor and Ingram's presence in the limitations suit as improper at this stage. The accident appears to have occurred at Nucor's facility, while Nucor's product was being loaded onto a barge owned by Ingram. This is not a case where the limitations petitioner has raised "the specter of possible claims for contribution or indemnity by yet unnamed co-defendants" to prejudice a claimant's right to return to state court. *See In re M/V Miss Robbie*, 968 F. Supp. 305, 307 (E.D. La. 1997) (finding that where the only claimant entered the proper stipulations, the limitations petitioner could not avoid returning to state court by arguing that unknown third parties may seek indemnity in the future). Rather, Nucor and Ingram have appeared and filed indemnity claims based on an apparently reasonable fear of suit. Indeed, Nucor and Ingram have incurred costs in filing their claims and briefing and are now third-party defendants as to Cooper Marine's indemnity claim. Cooper Marine, for its part, avers that Ingram's negligence caused the accident. R. Doc. 41. Accordingly, this appears to be precisely the kind of tangled situation the Limitations Act is intended to streamline. *See In re Shell Oil Co.*, 780 F. Supp. 1086, 1091 (E.D. La. 1991) ("The purpose of a limitation proceeding is not merely to limit liability but to bring all claims into concourse and settle every dispute in one action.").

The parties next dispute whether Mr. Garcia has standing to seek dismissal of Nucor and Ingram's claims against Cooper Marine. Nucor argues that Mr. Garcia is improperly asserting the rights of Cooper Marine by seeking the dismissal of Nucor and Ingram's claims against Cooper Marine. R. Doc. 27 at 3. Facially, this argument appears plausible. However, the parties have not presented the Court with any cases addressing standing in the particular context of the Limitations

Act. The Court, in its own research, has not located any on-point cases. And, the Court has already held that Nucor and Ingram's claims are not improperly premature such that they are subject to dismissal. Accordingly, the Court declines to reach the standing issue, which appears to be an issue of first impression in this Circuit, on a limited record and without the benefit of more developed briefing. The parties may re-raise the matter of standing at a later time if applicable.

## V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Justin Garcia's motion for summary judgment, R. Doc. 19, is **DENIED.**

New Orleans, Louisiana on this 28th day of May, 2025.

_____

Honorable Eldon E. Fallon