UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF COOPER MARINE, INC., AS THE OWNER AND OPERATOR OF THE M/V HONEST BOB, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * | CIVIL ACTION NO. 24-2778 *c/w* NO. 25-730 JUDGE ELDON E. FALLON |
| * * * * * * * * | * | MAGISTRATE JUDGE MICHAEL B. NORTH |

**ORDER & REASONS**

Before the Court is a Motion for Summary Judgment filed by Ingram Barge Company LLC ("Ingram"). R. Doc. 71. On October 16, 2025, the Court received letters from Nucor Steel Louisiana LLC ("Nucor") and Cooper Marine, Inc. ("Cooper Marine"), each advising that the parties did not oppose Ingram's motion. Justin Garcia, as personal representative of decedent Gage Garcia ("Garcia" or "Claimant"), did not bring a claim against Ingram and advised Ingram that he does not oppose the motion. As a result, the Court took the motion under submission on October 17, 2025. Considering the record, briefing, and applicable law, the Court now rules as follows.

I. **BACKGROUND & PRESENT MOTION**

The following factual summary is based on the unopposed Uncontested Material Facts submitted by Ingram with its summary judgment motion. *See* R. Doc. 71. This consolidated limitation action arises from Cooper Marine and Ingram each filing actions to limit their liability with respect to an incident that occurred on October 15, 2024. R. Doc. 71-11 at 1. On that day, Gage Garcia, a deckhand working on Cooper Marine's tug HONEST BOB, was tragically killed. *Id.* Mr. Garcia's estate brought claims for wrongful death and survival damages in Cooper Marine's limitation action, but not Ingram's. *Id.* at 2–3.

Ingram owns the IN176102 barge (the "incident barge"), a "dumb" barge with no propulsion and no crew. *Id.* at 3. It delivered the incident barge into Nucor's possession, custody, and control three

1

days before the subject incident. *Id.* At the time of Mr. Garcia's death, Ingram had no personnel on the incident barge and was not involved in any of the loading operations. *Id.* Throughout the course of discovery, "[n]o evidence of any deficiencies with [the incident barge]" was uncovered. *Id.* at 4.

As a result, Ingram now moves for an entry of summary judgment on all claims against it. R. Doc. 71. Cooper Marine and Nucor filed claims against Ingram in its limitation action, both praying for contribution and indemnity from and against Ingram for any amounts paid by Cooper Marine and Nucor if Ingram is found liable for the underlying incident. R. Doc. 71-11 at 3 (citing R. Docs. 41, 42). Additionally, Ingram filed a claim in Cooper Marine's limitation action, similarly praying for "an award for contribution and indemnity for any amounts paid, or that will be paid, by Ingram due to the proportionate fault of" Cooper Marine with respect to claims asserted by Garcia. *Id.* at 2 (quoting R. Doc. 6 at 9). Garcia has not—and cannot, due to the entry of default—asserted a claim directly against Ingram. *Id.* at 3.

## II. LAW & ANALYSIS

The Limitation of Liability Act provides a shipowner facing potential liability for a maritime accident with the statutory right to seek to limit its liability for the damages resulting from the accident to the value of the vessel and her pending freight.[1] 46 U.S.C. § 30505(a)-(b); *SCF Waxler Marine, LLC v. Aris T M/V*, 24 F.4th 458, 472 (5th Cir. 2022). After a limitation action is filed, "the limitation court stays all related claims against the shipowner pending in any forum [] and *requires all claimants to timely assert their claims in the limitation court.*" *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) (emphasis added). "District courts routinely grant motions for default judgment in limitation of liability proceedings where persons were properly notified of the

---

[1] The owner can only limit its liability if it can demonstrate that it lacked privity or knowledge as to the injury or loss. 46 U.S.C. § 30505(a); *see also Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992).

proceeding and failed to timely file a claim." *In re Beverly Indus., LLC*, No. 22-1105, 2022 WL 8219664, at *1 (E.D. La. Sept. 13, 2022).

Earlier in this case—before the Court entered default on all unasserted claims in Ingram's limitations action—this Court denied Garcia's summary judgment motion in part because Garcia could still bring claims against Ingram. *See* R. Doc. 43 at 8–10. Now, after Ingram's compliance with all the requirements of Supplemental Rule F, default has been entered in Ingram's limitation action, and Garcia has made an active choice to *not* file a claim. When default is entered and a party like Garcia fails to file a claim, he is "forever prohibited from bringing a claim arising out of or in connection with the alleged incident" against the limitations petitioner. *In re High Tide Enters., Inc.*, No. 23-1494, 2024 WL 1292369 (W.D. Tex. Mar. 26, 2024) (citing Fed. R. Civ. P. Supp. R. F(5)). Ingram argues that these circumstances essentially operate as a dismissal with prejudice of any claims Garcia could bring against Ingram. R. Doc. 71-1 at 9.

Ingram cites to *Wilson v. Florida Marine Transporters, LLC* in support of his position that, because the default judgment acts as a dismissal with prejudice, Cooper Marine and Nucor's indemnity and contribution claims against it should be dismissed. No. 18-13952, 2019 WL 6464985 (E.D. La. Dec. 2, 2019). There, the court dismissed the plaintiff's claims against one defendant with prejudice and thereafter found that the co-defendants' contribution claims against the dismissed defendant could not survive. *Id.* at *6. In so finding, it observed that "dismissal acts as a full release of [the settling defendant] for all liability for [the claimant's] claims and precludes [the nonsettling parties] claim against [the settling party] for contribution." *Id.* This is because "[t]he right of contribution . . . is extinguished when the plaintiff's claims against the purported joint tortfeasor are dismissed with prejudice, which acts as a full release." *Id.* at *5 (citing *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 217 (1994)). Neither Nucor nor Cooper Marine contest this analogy, nor Ingram's contention that its

3

default judgment is comparable to a dismissal with prejudice in the instant suit, considering the nature of entries of default in limitations actions.

Because the Court finds the foregoing persuasive, and because no parties oppose the arguments advanced by Ingram, the Court will grant Ingram's motion. All claims asserted against Ingram in this action will be dismissed.

### III. CONCLUSION

Considering the foregoing;

**IT IS ORDERED** that the motion for summary judgment is **GRANTED**. All claims asserted in this consolidated limitation action under both docket numbers against Ingram Barge Company LLC are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 20th day of October, 2025.

THE HONORABLE ELDON E. FALLON