**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN THE MATTER OF COOPER | * | CIVIL ACTION NO. 2:24-cv-02778 |
| MARINE, INC., AS OWNER AND | * | |
| OPERATOR OF THE M/V HONEST | * | JUDGE ELDON E. FALLON |
| BOB, FOR EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | MAGISTRATE JUDGE MICHAEL B. |
| | * | NORTH |

**JOINT PRETRIAL ORDER**

The parties jointly file this pretrial order, respectfully showing as follows:

1.    **The date of the Pre-trial Conference:** October 23, 2025, at 9:00am.

2.    **The appearance of counsel identifying the party(s) represented.**

Attorneys for Claimant Justin Garcia, as personal representative and independent administrator of the Estate of Gage Garcia: J. Kyle Findley, John G. Grinnan, Kala F. Sellers, and Aileen Christensen of Arnold & Itkin LLP

Attorneys for Nucor Steel Louisiana LLC: Harold J. Flanagan, Laurent J. Demosthenidy, and Anders F. Holmgren of Flanagan Partners LLP.

Attorneys for Cooper Marine, Inc. and Cooper/T. Smith Stevedoring Company, Inc.: Wilton E. Bland, IV, Michael T. Neuner, and Kathryn L. Briuglio of Mouledoux, Bland, Legrand & Brackett.

3.    **A description of the parties, and in cases of insurance carriers, their insured must be identified. The legal relationships of all parties with reference to the claims, counterclaims, third-party claims and cross claims, etc.**

Claimant Justin Garcia, as personal representative and independent administrator of the Estate of Gage Garcia, is the personal injury claimant. Mr. Garcia filed an answer to Petitioner Cooper Marine, Inc.'s limitation action. Mr. Garcia has brought negligence and unseaworthiness claims against Petitioner Cooper Marine, Inc. and negligence claims against Nucor Steel Louisiana LLC.

Cooper Marine is the Limitation Complainant which initiated this litigation. It is defending against claims by Nucor Steel and Gage Garcia's personal representative. Cooper/T. Smith Stevedoring is a Third-Party Defendant to claims brought by Nucor Steel. Cooper Marine brought a counterclaim for contribution and indemnity against Nucor Steel.

Nucor Steel Louisiana, LLC is a claimant in Cooper Marine's limitation action. Nucor has

made claims for defense and indemnity in its answer to Cooper Marine's limitation as well as a third-party complaint against Cooper/T. Smith Stevedoring Company, Inc. Nucor is also defending claims asserted by Garcia.

4. **With respect to jurisdiction, a brief summary of the factual basis supporting each claim asserted, whether original claim, counterclaim or third-party claim, etc., and, the legal and jurisdictional basis for each such claim, or if contested, the jurisdictional questions;**

Claimant Justin Garcia, as personal representative and independent administrator of the Estate of Gage Garcia, brought negligence and unseaworthiness claims against Petitioner Cooper Marine, Inc. and negligence claims against Nucor Steel Louisiana LLC. Mr. Garcia has a right to bring claims against the deceased's Jones Act employer in a court of his choosing. However, Mr. Garcia was prevented from doing that due to Cooper Marine's filing of the limitation action prior to the completion of the death certificate permitting Mr. Garcia to be named as representative of the Estate. Furthermore, Mr. Garcia is the sole personal injury claimant. As such, Mr. Garcia contends that the Court does not properly have jurisdiction over his claims and the determination of damages but solely over the limitation action, as stated in Mr. Garcia's pending motion to bifurcate.

Nucor's position is that bifurcation is not appropriate here. Whether to bifurcate is within the Court's sole discretion and the relevant factors under Rule 42(b) are not met. Bifurcation would not be convenient or expeditious or economical—in fact, it would only delay resolution and add additional unnecessary burdens on all parties and the legal system. The parties have been preparing for months to try this entire case—liability and damages—in the November 2025 trial. Conducting a single trial would not cause any substantial prejudice and would be more efficient. This case is simple. It arises out of an unwitnessed accident and involves only three relevant parties, including a single wrongful death claimant. Damages are therefore limited as a matter of law and straightforward to prove. Carving out a portion of this case, at this late hour, for it to be picked up at some unknown later time in an as-yet unfiled state court case would disrupt trial preparations, result in duplicative (or worse, wasted) efforts, further delay resolution, and impose extra expense on the parties.

Cooper's position is that jurisdiction and venue are proper before this Honorable Court pursuant to 28 U.S. Code § 1333 and 46 U.S. Code § 30501 *et seq*. As to the original Complaint of Cooper Marine, this Court has jurisdiction pursuant to Limitation of Liability Act, set forth in 46 U.S.C. § 30511. Despite Claimant's contention, bifurcation is not the "preferred" method in the Fifth Circuit. On the contrary, bifurcation is an issue which vests discretion with the Court. As discussed during the Parties' October 15, 2025 Status Conference, this is not a case in which bifurcation provides any benefit or judicial efficiency. This is a straightforward case in which the principal claim is limited to the amount of Gage Garcia's predeath pain and suffering – an issue which is well within the ken of the Court. There are no claims asserted by purported financial beneficiaries, as none were asserted in response to Cooper's limitation action. The Court defaulted all

parties/claims which were not timely brought. Moreover, bifurcating liability/limitation and damages only delays resolution of this matter. Finally, should this Court bifurcate liability and damages, the issue of damages will wind up back before the Court. As to Justin Garcia's claim, Mr. Garcia, Nucor Steel, and Cooper Marine are all diverse parties, subjecting Mr. Garcia's claims to removal to this Court and consolidation in this very limitation action.

5. **A list and description of any motions pending or contemplated and any special issues appropriate for determination in advance of trial on the merits.**

The following motions are pending:
- A motion to bifurcate filed by Claimant Justin Garcia, as personal representative and independent administrator of the Estate of Gage Garcia
- A motion for summary judgment filed by Cooper Marine, Inc. Cooper filed a Motion for Summary Judgment requesting that the Court dismiss all claims by Justin Garcia relating to the death of Gage Garcia. To the extent the Court finds there are questions of fact regarding liability, Cooper avers that, as a matter of law, the available damages in this case are limited to Gage Garcia's predeath pain and suffering.
- A motion for summary judgment filed by Nucor Steel Louisiana, LLC. Nucor's motion seeks dismissal of Garcia's claims based on the lack of any evidence or testimony about where or how Garcia fell into the water and died. In the alternative, it seeks a ruling limiting the types of damages Garcia may claim under the general maritime law for wrongful death. The motion is set for submission on October 29.

6. **A brief summary of the material facts claimed by:**

a.    Claimant Justin Garcia, as personal representative and independent administrator of the Estate of Gage Garcia

- Gage Garcia sustained injuries and died on October 15, 2024.
- Gage Garcia, the deceased, was a Jones Act seaman employed by Cooper Marine, Inc.
- Cooper Marine, Inc. owns and operates the M/V Honest Bob.
- Gage Garcia was instructed by Cooper Marine to perform the work that he was doing in securing the barge with a headline on the date of the incident.
- Nucor Steel Louisiana LLC loaded the barge at issue with DRI pellets and spilled them on the barge.
- Cooper Marine and Nucor failed to properly inspect the barge and left dangerous conditions and slipping hazards on the barge.
- Cooper Marine and Nucor failed to warn Gage Garcia of the hazards of DRI pellets and slipping hazards on the barge.
- Cooper Marine failed to implement appropriate man-overboard precautions and procedures, including a buddy system and maintaining crew members in sight.
- Cooper Marine failed to ensure sufficient crew members were on board to allow for man-overboard procedures to be implemented.

- Cooper Marine failed to follow appropriate procedures for a man-overboard situation when Gage Garcia disappeared, including by failing to stop the vessel.
- Cooper Marine failed to provide appropriate tools and equipment to secure the barge without risk of falling overboard and to prevent slips and falls.
- Cooper Marine failed to maintain the vessel with adequate walking surfaces, anti-slip treads, and barriers to prevent falling overboard.
- Cooper Marine failed to properly implement its safety management system and ensure that all crew members were properly trained and retrained on its policies and procedures.
- Gage Garcia slipped on DRI pellets and fell between the barge at issue and the vessel.
- Gage Garcia sustained crush injuries to the chest and head that ultimately resulted in his death.
- The value of the vessel, flotilla, and pending freight exceeds the limitation fund.
- The Limitation of Liability Act does not apply because the spill of pellets, lack of appropriate personnel and man-overboard precautions, lack of training, and other causative failures took place with recklessness or the privity and knowledge of the owners and managers of the vessel.
- The vessel at issue was unseaworthy due to dangerous conditions including the following: slipping hazards, lack of proper equipment and barriers to prevent falls overboard, lack of sufficient crew to enact man-overboard precautions and procedures.
- Gage Garcia did not contribute to his injuries or exercise any want of care.
- Claimant Garcia has sustained damages including pecuniary losses, pre- and post-judgment interest, and costs of court. The pecuniary losses include pain, suffering, medical/emergency expenses, and funeral expenses.

 

 b.     Cooper Marine, Inc.

This is a simple and straightforward case. On October 15, 2024, Gage Garcia was working as a deckhand on Cooper's vessel, the M/V HONEST BOB. Garcia had approximately 2½ months experience working at Cooper as a deckhand. He was referred to the company by Captain Taylor Reed, who was acting as the Master in Command of the vessel on the day of the accident. Captain Reed was assigned to act as Garcia's mentor during his training at Cooper. Thus, the pair worked the same hitches and watches during Garcia's tenure. Garcia was provided the appropriate orientation, training, and safety literature as is standard in the industry.

Once assigned to a vessel, Garcia was provided on-the-job training by his fellow deckhands and superiors, including Captain Taylor and deckhand/steersman Jared Lanoux. The evidence and testimony confirm that Garcia was provided adequate training on slips, trips, and falls, as well as the perils facing mariners—specifically, falling overboard. Both Captain Taylor and Lanoux agreed that Garcia was a competent deckhand and hard worker. Moreover, neither Captain Taylor nor Lanoux had any complaints about one another regarding their skills as mariners or safety practices aboard Cooper's vessels.

On October 15, 2025, the crew of the HONEST BOB consisted of Captain Reed, Lanoux, and Garcia. That afternoon, the HONEST BOB pulled a loaded barge, Ingram Barge No. IN176102 from Nucor Steel Louisiana, LLC's facility in Convent, Louisiana for the purpose of securing it into the fleet at mile marker 164 on the Lower Mississippi River. The work being performed that day was ordinary fleet work.

Once Captain Reed positioned the Barge in the desired position (tier 2) of the fleet, Garcia and Lanoux stripped the face wires between the Barge and the vessel. Lanoux remained on the Barge while Garcia stood by on the vessel as Captain Reed maneuvered her to square up on the Barge's port side. Once squared up, Captain Reed radioed Garcia to go onto the barge and secure a soft headline. Captain Reed watched as Garcia stepped from the starboard bow of the HONEST BOB onto the Barge. This was the last time Garcia was ever seen alive.

In a matter of seconds, Captain Reed radioed Garcia to confirm the headline was secured. After two calls were not answered, Captain Reed looked down to his right and saw Garcia floating in the water face down. Captain Reed ran out of the wheelhouse and onto the Barge to retrieve Garcia. Lanoux, who was working on the other side of the barge at the time, heard Captain Reed's "man overboard" call and returned to the vessel. Unfortunately it was too late. Both Lanoux and Captain Reed confirmed Garcia was dead when they pulled him from the water.

The manner and method by which Garcia wound up in the water is unknown. Neither Captain Reed nor Lanoux witnessed the accident. All witnesses who have been deposed confirmed that any testimony about the cause of the accident would be speculative. Justin Garcia claims that Garcia slipped on DRI pellets on the deck of the Barge. However, this is speculation. No one knows whether Garcia slipped on the barge's cargo, tripped on rigging or the soft line he was placing on the barge, misstepped while stepping from the vessel to the barge, or simply lost his situational awareness and fell overboard.

Dr. Michael DeFatta, the Jefferson Parish Coroner who was assigned to do the autopsy, confirmed that Garcia died from blunt force trauma. Dr. DeFatta testified that based on his findings, he believed that Garcia died within a matter of seconds from his injuries. Also, based on the nature of Garcia's injuries, Dr. DeFatta testified that, more likely than not, during those few seconds, Garcia was unconscious until the time of death. Assuming any liability on Cooper, which is denied, the recoverable damages are limited to Garcia's predeath pain and suffering.

c.    Nucor Steel Louisiana, LLC.

The parties do not dispute that Gage Garcia fell into the Mississippi River, where he died. But there is no testimony or evidence as to when, where, and how Mr. Garcia fell. The Estate speculates that Mr. Garcia slipped on a DRI pellet. But the only two eyewitnesses present, HONEST BOB Captain Taylor Reed and steersman Jared Lanoux, testified that they did not see or hear Mr. Garcia fall and they do not know why he did. Moreover, neither crewman saw any hazardous condition on the deck of the barge that day. Steersman Lanoux walked back and forth several times along the barge deck where Mr. Garcia apparently fell and testified that he had no problems walking and saw nothing notable on the deck—including spilled cargo—that would

cause any concern or danger.

In this unwitnessed accident, there has been speculation that Mr. Garcia slipped on a DRI pellet. But there is no evidence of why he fell (whether he tripped on kevel, line, water bottle, or even his own feet) or that he actually made it from the HONEST BOB to the barge. In any event, every deckhand fleeting barges on the Mississippi river is aware of the potential for rigging, debris, or spilled cargo on the deck of any barge. The possible presence of such items on a barge is a well-known fact of life and not unreasonably dangerous when simple and easy precautions are taken, such as observing and addressing such spillage and taking care when walking around it. All Cooper Marine deckhands (including Mr. Garcia) are trained to be aware of potential footing issues and to exercise caution when walking along a barge deck. Even if there was spilled cargo on the barge, its presence – being open and obvious – was not an unreasonably dangerous or unexpected event.

On the subject of damages, this is a wrongful death case. The only available damages are pecuniary damages, including pre-death pain and suffering, if any. The undisputed medical evidence is that Mr. Garcia was unconscious immediately upon receiving his injuries and died within seconds. There is no evidence as to how he fell, or if he was unconscious throughout the entire event. There is no evidence of any pre-death pain and suffering at all. On the subject of economic losses, Mr. Garcia was an unmarried, childless 19-year-old with no dependents. Only his funeral expenses and any emergency costs actually incurred are recoverable here.

**7.    A single listing of all uncontested material facts.**

- Gage Garcia sustained injuries and died on October 15, 2024.
- Gage Garcia, the deceased, was a Jones Act seaman employed by Cooper Marine, Inc.
- Cooper Marine, Inc. owns and operates the M/V Honest Bob.
- Gage Garcia was instructed to perform the work that he was doing in securing the barge with a headline on the date of the incident.
- Gage Garcia sustained crush injuries to the chest and head that resulted in his death.
- On October 15, 2025, the M/V HONEST BOB was a vessel owned and operated by Cooper Marine, Inc. ("Cooper").
- The HONEST BOB was working as a fleet boat at the Nucor facility at approximately mile marker 164 on the Lower Mississippi River ("LMR").
- The HONEST BOB was called to retrieve a loaded barge from the Nucor facility and tie the barge into the fleet. The barge in question was Ingram Barge No. IN176102 (the "Barge")
- Captain Reed saw Garcia step over from the HONEST BOB to the Barge from her starboard side. This was the last time anyone saw Garcia alive.
- Captain Reed radioed Garcia twice to confirm that the headline had been secured on the Barge. He did not receive a response.
- Neither Captain Reed nor Jared Lanoux saw Garcia fall in the water.
- Captain Reed testified that "just a few seconds" elapsed between the time he saw Garcia step onto the barge and when he recognized Garcia was in the water.
- Neither Captain Reed nor Lanoux heard Garcia when or after he fell in the water—whether crying out loud or calling over the radio.

8.    **A single listing of the contested issues of fact.**

- How, when, and where Gage Garcia fell into the water.
- Whether Nucor Steel Louisiana LLC loaded the barge at issue with DRI pellets and spilled them on the barge.
- Whether Cooper Marine and Nucor failed to properly inspect the barge and left dangerous conditions and slipping hazards on the barge.
- Whether Cooper Marine and Nucor failed to warn Gage Garcia of the hazards of DRI pellets and slipping hazards on the barge.
- Whether Cooper Marine failed to implement appropriate man-overboard precautions and procedures, including a buddy system and maintaining crew members in sight.
- Whether Cooper Marine failed to ensure sufficient crew members were on board to allow for man-overboard procedures to be implemented.
- Whether Cooper Marine failed to follow appropriate procedures for a man-overboard situation when Gage Garcia disappeared, including by failing to stop the vessel.
- Whether Cooper Marine failed to provide appropriate tools and equipment to secure the barge without risk of falling overboard and to prevent slips and falls.
- Whether Cooper Marine failed to maintain the vessel with adequate walking surfaces, anti-slip treads, and barriers to prevent falling overboard.
- Whether Cooper Marine failed to properly implement its safety management system and ensure that all crew members were properly trained and retrained on its policies and procedures.
- The value of the vessel, flotilla, and pending freight exceeds the limitation fund.
- Whether Cooper Marine is entitled to exoneration or limitation of liability under the Limitation of Liability Act.
- Whether the vessel at issue was unseaworthy.
- Whether and to what extent Gage Garcia contributed to his injuries or exercised any want of care.
- Whether Claimant Garcia has sustained damages including pecuniary losses, pre- and post-judgment interest, and costs of court. The pecuniary losses include pain, suffering, medical/emergency expenses, and funeral expenses.

9.    **A single listing of the contested issues of law.**

- Whether Claimant Garcia has the right to file his claims and have his claims and damages decided in a court of his choosing pursuant to the Savings to Suitors clause.
- Whether Claimant Garcia has the right to a jury trial on his claims and damages.
- Whether any condition on the barge or towboat constituted an unreasonable risk of harm.
- Whether any condition on the barge or towboat was the legal or proximate cause of any injury claimed by Garcia.
- Whether Nucor owed Garcia any duty of care once Nucor released the barge in question to Cooper Marine and Cooper Marine took care, custody, and control of the barge.
- Whether any alleged spillage of cargo on the barge deck was an open and obvious

condition.

- Whether Nucor owed any duty to warn Garcia of the condition of the barge once the barge was released to Cooper Marine's care, custody, and control.
- Whether Cooper owed a duty of seaworthiness to Garcia as it relates to the Ingram Barge No. IN176102.
- Whether Cooper may be held liable for Garcia's accident.
- Alternatively, if Cooper is found to be negligent, was the negligent act or omission within Cooper's privity or knowledge.
- Whether Nucor may be held liable for Garcia's accident.
- Whether Gage Garcia was contributorily negligent in causing his accident.

10.    **For each party, a list and description of Bates numbered exhibits intended to be introduced at the trial and those intended to be used as demonstrative exhibits during the presentation of testimony.**

The parties submit that the following exhibits *may* be used at trial. The parties are continuing to work amicably to determine a final list of exhibits to which there are no objections, and a list of exhibits to which a party objects. Consistent with the Court's instructions and Orders, any objections to exhibits will be filed no later than five days prior to trial.

The exhibit list for Claimant Justin Garcia, as personal representative and independent administrator of the Estate of Gage Garcia, which was filed in accordance with prior court orders, is as follows:

- COOPER 00001-00003 96 Hour Work-Rest Reed & Lenoux
- COOPER 00006-00013 Cargo Information in Barge IN 176102
- COOPER 00014-00017 CG email
- COOPER 00018-00019 CG_2692(B)
- COOPER 00020 Cooper Supervisor Investigation Report
- COOPER 00021-00027 Correspondence – USCG
- COOPER 00028-00035 Drug & Alcohol Tests
- COOPER 00036-00039 Email Corr re Nucor AM Report 10-15_Redacted
- COOPER 00040-00042 Email Corr re Nucor PM Report 10-15_Redacted
- COOPER 00043 Email Oil Sheen Report
- COOPER 00044 Email re Crew List 10-15
- COOPER 00045-00048 Gage Garcia Autopsy
- COOPER 00049-00050 Gage Garcia Obituary
- COOPER 00051-00053 Gage Garcia Tox
- COOPER 00054-00055 Gage Garcia W2
- COOPER 00056-00068 Garcia Payroll
- COOPER 00069-00076 Garcia Pre-employment physical and drug test records
- COOPER 00077-00082 Garcia Time Sheet
- COOPER 00087-00089 Email from CG re procedures

- COOPER 00090-00141 Deckhand Manual
- COOPER 00142 Garcia signed Deckhand Manual form
- COOPER 00145-00151 Performance Reviews - Reed & Lanoux
- COOPER 00152-0191 Personnel File - Gage Garcia
- COOPER 00192 Party in Interest Designation
- COOPER 00193-00194 Risk Assessments
- COOPER 00195-00203 ServPro Docs
- COOPER 00204-00271 St James Parish Sheriff - Reports & Photos
- COOPER 00272-00274 Towing Safety & Health Committee Minutes 10 04 24
- COOPER 00275-00301 Training & Drills Garcia Last 2 Months
- COOPER 00302-00303 USCG 2692(C)
- COOPER 00304-00306 USCG 2692
- COOPER 00307-00321 Vessel COIs and CODs
- COOPER 00322-00343 Vessel Logs 10-1 to 10-15
- COOPER 00344-00373 Kyle Smith Photos
- COOPER 00374 Flot Video 1.mp4
- COOPER 00375 Flot Video 2.mp4
- COOPER 00376 Flot Video 3.mp4
- COOPER 00377 DufreneII Video 1.mp4
- COOPER 00378 DufreneII Video 2.mp4
- COOPER 00379-00418 Cooper Marine Procedure Manual
- COOPER 00419-00495 Cooper Marine Safety Manual
- COOPER 00502 VIDEO_TS.BUP
- COOPER 00503 VIDEO_TS.IFO
- COOPER 00504 VIDEO_TS.VOB
- COOPER 00505 VTS_01_0.BUP
- COOPER 00506 VTS_01_0.IFO
- COOPER 00507 VTS_01_0.VOB
- COOPER 00508 VTS_01_1.VOB
- COOPER 00509 VTS_02_0.BUP
- COOPER 00510 VTS_02_0.IFO
- COOPER 00511 VTS_02_0.VOB
- COOPER 00512 VTS_03_0.BUP
- COOPER 00513 VTS_03_0.IFO
- COOPER 00514 VTS_03_0.VOB
- COOPER 00515 VTS_04_0.BUP
- COOPER 00516 VTS_04_0.IFO
- COOPER 00517 VTS_04_0.VOB
- COOPER 00518 VTS_05_0.BUP
- COOPER 00519 VTS_05_0.IFO
- COOPER 00520 VTS_05_0.VOB
- COOPER 00521 VTS_05_1.VOB
- COOPER 00522 VTS_06_0.BUP
- COOPER 00523 VTS_06_0.IFO

- COOPER 00524 VTS_06_0.VOB
- COOPER 00525 VTS_06_1.VOB
- COOPER 00526 VTS_07_0.BUP
- COOPER 00527 VTS_07_0.IFO
- COOPER 00528 VTS_07_0.VOB
- COOPER 00529 VTS_07_1.VOB
- COOPER 00530 VTS_08_0.BUP
- COOPER 00531 VTS_08_0.IFO
- COOPER 00532 VTS_08_0.VOB
- COOPER 00533 VTS_09_0.BUP
- COOPER 00534 VTS_09_0.IFO
- COOPER 00535 VTS_09_0.VOB
- COOPER 00536 VTS_10_0.BUP
- COOPER 00537 VTS_10_0.IFO
- COOPER 00538 VTS_10_0.VOB
- COOPER 00539 VTS_11_0.BUP
- COOPER 00540 VTS_11_0.IFO
- COOPER 00541 VTS_11_0.VOB
- COOPER 00542 VTS_11_1.VOB
- NUCOR 00001-00008 - Nucor Safety Data Sheet
- NUCOR 00009-00010 - Draft Survey by Displacement in 176102 B
- NUCOR 00011-00013 - DJJ Accurals and Service Fee Oct 2024
- NUCOR 00014 - NSLA Barge Tracking
- NUCOR 00015-00016 - Draft Survey by Displacement in 176102 B
- NUCOR 00017 - Organizational Chart
- NUCOR 00032-00036 - US Coast Guard Report of Marine Casualty
- NUCOR 00037-00040 - Jefferson Parish Forensic Center Autopsy Report
- NUCOR 00043-00045 - NMS Labs Toxicology Report
- NUCOR 00046-00113 - St. James Parish Investigation Report
- NUCOR 00114-00122 - Nucor Gate Entry Agreement
- NUCOR 00123-00124 - Text Messages
- NUCOR 00125-00126 – Emails
- NUCOR 00135-00211 - Amd & Restated Barge Services Agreement
- NUCOR 00212-00278 - Nucor NSLA Port Severe Weather Action Plan
- IN 176102 - 19Aug25 - Ergon Yazoo
- Cooper T. Smith Stevedoring Company Inc. Barge Services Amendment 03.06.14 (003)
- PORT - Barge Loadout_20241015_123906.mp4
- PORT - Surge Bin East_20241015_111423.psx
- PORT - Surge Bin East_20241015_124519.psx
- PORT - Surge Bin East_20241015_143000.mp4
- PORT - Surge Bin East_20241015_143738.mp4
- Video.zip (Produced by NUCOR)
- 911.wav (Produced by NUCOR)

- IMG_3268.HEIC (Produced by NUCOR)
- IMG_3269.HEIC (Produced by NUCOR)
- IMG_3270.HEIC (Produced by NUCOR)
- IMG_3270.HEIC (Produced by NUCOR)
- IMG_3272.HEIC (Produced by NUCOR)
- IMG_3273.HEIC (Produced by NUCOR)
- IMG_3274.HEIC (Produced by NUCOR)
- INGRAM_000001-33
- Photographs and Videos of the Barge (IN176102) Inspection
- Barge (IN176102) Inspection Photographs Taken by Michael Lebsack
- Photographs and Videos of the M/V HONEST BOB Vessel Inspection
- M/V HONEST BOB Vessel Inspection Photographs Taken by Michael Lebsack
- Exhibits to the Deposition of Michael DeFatta, MD
- Exhibits to the Deposition of Kyle Smith
- Exhibits to the Deposition of Taylor Reed
- Exhibits to the Deposition of Jared Lanoux
- Exhibits to the Deposition of Michael Hall, Nucor Corporate Representative
- Exhibits to the Deposition of Karl Gonzales, Cooper Marine Corporate Representative
- G. Garcia 000001. Death Certificate - Gage Garcia
- G. Garcia 000002-000005. Autopsy Report
- G. Garcia 000006-000008. NMS Labs_Toxicology Report
- G. Garcia 000009-000010. Acadian Ambulance Service_Billing Statement
- G. Garcia 000011-000018. Funeral Cremation_Billing
- G. Garcia 000019-000025. Interment Burial_Billing
- G. Garcia 000026-000027. Gage Garcia Drivers License
- G. Garcia 000028. Gage Garcia Birth Certificate
- G. Garcia 000029-000030. Garcia Garcia TWIC Card
- G. Garcia 000031-000032. Gage Garcia W2 (2024)
- G. Garcia 000033-000035. 22nd JDC Order and Letters of Independent Administration
- G. Garcia 000036-000042. U.S. Coast Guard Report(s) 2692, 2692 (B) 2692 (C)
- R000001-R000006. G. Garcia_Acadian Ambulance Services_Medical
- R000007-R000010. G. Garcia_Acadian Ambulance Services_Billing
- R000011-R000064. G. Garcia_St. Bernard Memorial Funeral Home_Funeral
- R000065-R000072. G. Garcia_Jefferson Parish Coroners Office_Autopsy & Toxicology
- R000073-R000117. G. Garcia_Jefferson Parish Coroners Office_Photos
- R000118-R000125. G. Garcia_Jefferson Parish Coroners Office_Autopsy & Toxicology
- Demonstrative Report, CV, and materials of CDR Michael P. Lebsack
- Demonstrative Report, CV, and materials of Joe Thompson, CSP
- Demonstrative Report, CV, and materials of Jonathan Eisenstat, MD
- Demonstrative Report, CV, and materials of Harold Asher

- Demonstrative Report, CV, and materials of Jeffrey Meyers

Nucor may seek to introduce any of the following into evidence at trial, reserving all rights to supplement or amend this list prior to trial:

1. Cooper Marine crew work/rest logs (COOPER 00001-00003)
2. Gage Garcia autopsy report (COOPER 00045-00048)
3. Cooper Marine deckhand manual (COOPER 00090-00141)
4. Cooper Marine deckhand manual signed by Gage Garcia (COOPER 00142)
5. St. James Parish Sheriff's Office report (COOPER 00204-00271)
6. Gage Garcia training records (COOPER 00275-00301)
7. Cooper Marine USCG 2692 (COOPER 00304-00306)
8. HONEST BOB vessel logs (COOPER 00322-00343)
9. Kyle Smith photos (COOPER 00344-00373)
10. Flot video 2 (COOPER 00375)
11. Cooper Marine Procedure Manual (COOPER 00379-00418)
12. Cooper Marine Safey Manual (COOPER 00419-00495)
13. 911 call recording
14. Amended & Restated Barge Services Agreement (NUCOR00135-00171)
15. Nucor Load-out Drafting Remote and Local Equipment Controls (NUCOR00215-00228)
16. Nucor DRI Load-out and Barge Drafting (NUCOR00238-00253)
17. Nucor Load-out Responsibilities (NUCOR00254-00258)
18. AmSpec MTS survey (NUCOR00009-00010)
19. NSLA Barge Tracking (NUCOR00014)
20. 19 August 2025 photographs of barge IN176102 inspection (20250819 (1)-(30))
21. Vessel inspection photographs (G. GARCIA 0238 – 0618)
22. Vessel inspection photographs taken by Capt. Rick DiNapoli
23. The following videos:
    a. PORT – Barge Loadout East River View_20241015_095956
    b. PORT – Barge Loadout East River View_20241015_101327
    c. PORT – Barge Loadout East River View_20241015_141632
    d. PORT – Barge Loadout_20241015_123906
    e. PORT – Surge Bin East_20241015_111423

     f.        PORT – Surge Bin East_20241015_124519

     g.        PORT – Surge Bin East_20241015_142326

     h.       PORT – Surge Bin East_20241015_155634

     i.         PORT – Surge Bin East_20241015_170425

     j.         SUBSTATION – Sub 5 East_20241015_144842

     k.       SUBSTATION – Sub 5 North_20241015_14829

     l.         SUBSTATION – Sub 5 North_20241015_144951

     m.     SUBSTATION – Sub 5 North_20241015_162814

24.     Any report prepared by any expert witness, including any related disclosures made pursuant to Fed. R. Civ. P. 26 and any documents attached to such report or relied upon by the expert in rendering the report. Defendants' expert reports are not due until October 24, 2025, after the filing of this pretrial order, and therefore have not been finalized or Bates labeled.

25.     Any exhibit listed by any other party.

26.     Any exhibit obtained through discovery.

27.     Discovery pleadings from any party.

Cooper may seek to introduce any of the following into evidence at trial, reserving all rights to supplement or amend this list prior to trial:

**1**. COOPER 00001-00003 96-Hour Work/Rest Log for Jared Lanoux and Taylor Reed.

**1.**    COOPER 00304-00306 U.S. Coast Guard Form 2692 Report of Marine Casualty.

**2.**    COOPER 00018-00019 U.S. Coast Guard Form 2692(B) regarding post-accident drug and alcohol tests for Jared Lanoux and Taylor Reed.

**3.**    COOPER 00302-00303 U.S. Coast Guard Form 2692(C) Personnel Casualty Addendum.

**4.**    COOPER 00020 Cooper Supervisor Investigation Report for incident involving Gage Garcia.

**5.**    COOPER 00028-00035 Post-accident drug and alcohol tests for Taylor Reed and Jared Lanoux.

**6.**    COOPER 00036-00042 Morning and afternoon reports between Nucor and Cooper.

**7.**    COOPER 00043 Report from Taylor Reed regarding oil sheen in Nucor's staging area. COOPER 00193-00194 Risk Assessments for oil sheen in Nucor's staging area.

**8.**    COOPER 00045-00048 Gage Garcia Autopsy Report from Jefferson Parish Forensic Center, as well as any other photographs or recordings taken during said autopsy.

9. COOPER 00051-00053 Gage Garcia Toxicology Report.

10. COOPER 00069-00076 Gage Garcia pre-employment physical and drug test records.

11. COOPER 00090-00141 Deckhand Manual provided to Cooper employees.

12. COOPER 00142 Gage Garcia signed Deckhand Manual form.

13. COOPER 00145-00151 Performance Reviews for Taylor Reed and Jared Lanoux.

14. COOPER 00152-0191 Gage Garcia's Personnel File.

15. COOPER 00275-00301 Gage Garcia training records.

16. COOPER 00204-00271 St. James Parish Sheriff's Office Report.

17. COOPER 00272-00274 Cooper's Towing Safety & Health Committee Minutes for October 4, 2024.

18. COOPER 00307-00321 Certificates of Inspection and Certificates of Documentation for the M/V HONEST BOB.

19. COOPER 00322-00343 M/V HONEST BOB vessel logs for October 1, 2024 through October 15, 2024.

20. COOPER 00344-00373 Photographs taken by surveyor, Kyle Smith.

21. COOPER 00374-00378 Video and body camera footage from St. James Parish Sheriff's Office.

22. COOPER 00379-00495 Relevant portions of the Cooper Marine, Inc. Towing Safety Management System produced in this litigation, subject to the Court's Protective Order.

23. COOPER 00502-00542 Training and orientation videos for Cooper Marine, Inc.

24. COOPER 00543-00556 October 4, 2024 Police Report regarding motor vehicle accident involving Gage Garcia.

25. COOPER 00640-00712 Taylor Reed training drills and quizzes.

26. INGRAM 0002-0019 Master Contract of Affreightment between SCF Marine, Inc. and the David J. Joseph Company.

27. NUCOR 0009 – 0010, 0016 Barge Reports for Ingram Barge No. 176102.

28. NUCOR 0123-126 Nucor text messages and communications regarding October 15, 2024 incident involving Gage Garcia.

29. NUCOR 0135-0171 Contracts between Nucor Steel Louisiana, LLC and Cooper/T. Smith Stevedoring Company, Inc., previously produced in this matter subject to the Court's Protective Order.

30. NUCOR 0174 – 0211 Contract between Nucor Steel Louisiana, LLC and the David J. Joseph Company, previously produced in this matter subject to the Court's Protective Order.

31. NUCOR0212 – 0278 Nucor Steel Louisiana, LLC's safety policies and procedures, previously produced in this matter subject to the Court's Protective Order.

32. G. GARCIA 0043 – 0186 Barge inspection photographs.

33. G. GARCIA 0238 – 0618 Vessel inspection photographs.

34. G. GARCIA 0001-0006 Acadian Ambulance medical records.

35. Photos and videos produced by Nucor Steel Louisiana, LLC

36. CVs, case lists, and fee schedules of all experts designated by any party.

37. Any exhibit to any expert witness report produced by any party.

38. Any document relied on by any expert witness named by any party.

39. All documents produced in discovery by any party deemed relevant and admissible by the Court.

40. All documents received via subpoena duces tecum or authorization by any party.

41. The deposition of any witness who is unavailable for trial.

42. The exhibits to any deposition taken in this matter.

43. Any document identified through further discovery.

44. Any and all demonstrative exhibits.

45. Responses to written discovery by all parties.

46. Pleadings filed by or on behalf of Claimant, Justin Garcia, the personal representative and independent administrator of the Estate of Gage Garcia.

47. Any exhibit needed for the purposes of impeachment or rebuttal.

48. Any exhibit listed or used at trial by any other party.

49. Any report prepared by any expert witness, including any related disclosures made pursuant to Fed. R. Civ. P. 26 and any documents attached to such report or relied upon

by the expert in rendering the report. Defendants' expert reports are not due until October 24, 2025, after the filing of this pretrial order, and therefore have not been finalized or Bates labeled.

11. **A list of all deposition testimony that each party intends to offer into evidence at trial;**

To the extent that Dr. Michael DeFatta, who is not controlled by any of the parties, is unavailable to testify at trial, Claimant Justin Garcia, as personal representative and independent administrator of the Estate of Gage Garcia, anticipates offering portions of his testimony into evidence.

1  006:12 - 008:03
2  009:02 - 015:01
3  015:04 - 015:21
4  016:08 - 020:14
5  021:14 - 024:06
6  026:02 - 026:20
7  027:21 - 027:24
8  029:05 - 029:13
9  029:22 - 030:04
10 030:06 - 030:08
11 030:24 - 033:10
12 033:14 - 036:01
13 039:08 - 039:10
14 039:12 - 039:15
15 045:12 - 049:02
16 049:04 - 049:09
17 049:13 - 049:20
18 049:24 - 050:02
19 050:05 - 050:06
20 050:08 - 050:11
21 050:15 - 050:18
22 050:22 - 050:25
23 051:04 - 051:14
24 052:08 - 052:16
25 052:18 - 052:24
26 053:03 - 053:06
27 053:08 - 053:20
28 053:24 - 054:02
29 054:06 - 054:09
30 054:23 - 054:25
31 055:02 - 055:07
32 055:09 - 056:05
33 056:08 - 056:08
34 056:12 - 056:15
35 056:19 - 056:19

36 057:03 - 057:05
37 057:07 - 057:12
38 057:16 - 058:06
39 058:10 - 058:13
40 058:17 - 059:01
41 059:04 - 059:10
42 059:14 - 059:14
43 059:18 - 059:20
44 059:23 - 060:02
45 060:05 - 060:13
46 060:18 - 060:21
47 060:24 - 061:14
48 061:24 - 062:04
49 063:10 - 063:15
50 063:19 - 063:19
51 063:23 - 063:25
52 064:02 - 064:06
53 064:08 - 064:15
54 064:17 - 064:21
55 064:23 - 064:23
56 066:15 - 066:22
57 066:25 - 066:25
58 067:11 - 067:15
59 067:19 - 067:20
60 068:01 - 068:07
61 068:11 - 071:02
62 071:04 - 071:10
63 071:13 - 071:16
64 071:20 - 071:21
65 081:24 - 082:14
66 082:17 - 082:23
67 083:01 - 083:05
68 083:08 - 083:12
69 083:15 - 083:16
70 083:19 - 083:21
71 084:11 - 084:14
72 084:17 - 085:04
73 085:12 - 086:18
74 086:22 - 086:23
75 087:10 - 087:15
76 087:20 - 088:05
77 088:07 - 088:24
78 089:01 - 089:06

Nucor does not anticipate introducing any deposition testimony into evidence at trial.

Cooper does not expect to introduce any deposition testimony into evidence at trial.

12. **A list and brief description of any charts, graphs, models, schematic diagrams, and similar objects which, although not to be offered in evidence, respective counsel intend to use in opening statements provided it is not objected to by opposing counsel.**

Claimant Justin Garcia, as personal representative and independent administrator of the Estate of Gage Garcia, may use a PowerPoint presentation during opening statements.

Nucor does not intend to use any demonstrative aids at trial.

Cooper may use demonstrative exhibits, including charts or maps of the area at issue.

13. **A list of witnesses for all parties, including the names, addresses and statement of the general subject matter of their testimony.**

The witness list for Claimant Justin Garcia, as personal representative and independent administrator of the Estate of Gage Garcia, which was filed in accordance with prior court orders, is as follows:

- Justin Garcia, as Personal Representative and Independent Administrator of the Estate of Gage Garcia; *Claimant*
- Representative(s) of Cooper Marine, Inc.; *Complainant/Petitioner*
- Representative(s) of Nucor Steel Louisiana, LLC; *Claimant*
- Representative(s) of Cooper/T. Smith Stevedoring Company, Inc.; *Third Party Defendant*
- Taylor Reed; *Crewmember (Master) of the M/V HONEST BOB at the time of Incident*
- Jared Lanoux; *Crewmember (Deckhand) of the M/V HONEST BOB at the time of Incident*
- Tyler Maurin; *Cooper Marine Head of Operations*
- Trish Landry; *Cooper Marine dispatcher*
- Jackie West; *Cooper Marine dispatcher*
- Mike Carnes; *Cooper Marine dispatcher*
- Dustin Breaux; *Cooper Marine assistant safety director*
- Gary Raymer; *Claimant Nucor Steel Louisiana, LLC's Port Supervisor*
- Paula Reynoso; *Claimant Nucor Steel Louisiana, LLC's Controller*
- Christee Lee Foster; *Mother of Gage Garcia (Deceased/Claimant)*
- Kelsey Garcia; *Step-Mother of Gage Garcia (Deceased/Claimant)*
- St. Bernard Memorial Funeral Home & Gardens; c/o Employees, Medical Personnel, Representatives, Agents and/or Custodian of Records; *Provided Funeral Home Services for Gage Garcia (Deceased/Claimant)*

- Lake Lawn Metairie Funeral Home & Cemeteries; c/o Employees, Medical Personnel, Representatives, Agents and/or Custodian of Records; *Provided Burial Services for Gage Garcia (Deceased/Claimant)*
- CDR Michael P. Lebsack (USCG, Ret.) | Ledge Light Maritime Consulting, LLC; *Claimant Garcia's retained expert in the fields of maritime safety engineering, marine structures, vessels, and vessel operations, amongst other areas.*
- Joe Thompson, CSP | Guardian Precision Services; *Claimant Garcia's retained HSE Expert in all aspects in the field of Petrol Industrial including HSE project management and offshore operations.*
- Jonathan Eisenstat, MD; *Claimant Garcia's retained Forensic Pathologist who will testify about Decedent's injuries and subsequent death.*
- Harold Asher | Asher Meyers, LLC; *Claimant Garcia's retained economic expert who will testify regarding economic losses arising from Decedent's death.*
- Jeffrey Meyers | Asher Meyers, LLC; *Claimant Garcia's retained economic expert who will testify regarding economic losses arising from Decedent's death.*
- Acadian Ambulance Services; Chad Usey, EMT Paramedic (DS)(DOC); Jai Bourg, EMT Basic; 130 E. Kaliste Saloom Rd, PO Box 92970, Lafayette, LA 70509; *EMS Transportation*
- Jefferson Parish Forensic Center, Michael DeFatta, MD; 2018 8th Street, Harvey, LA 70058, (504) 365-9100; *Forensic Pathologist*
- NMS Labs, Jolene J. Bierly, MSFS, D-ABFT-FT; 200 Welsh Road, Horsham, PA 19044, (215) 657-4900; *Forensic Toxicologist*

For Nucor Steel Louisiana, LLC:

1. Taylor Reed – captain of the HONEST BOB who will testify concerning the HONEST BOB's work on the date of the accident, his observations of Gage Garcia on the date of the accident, the condition of the barge on the date of the accident, policies and procedures concerning Cooper Marine's operations with barges on the date of the accident and generally, and Cooper Marine's training of towboat crewmembers.

2. Jared Lanoux – steersman aboard the HONEST BOB who will testify concerning the HONEST BOB's work on the date of the accident, his observations of Gage Garcia on the date of the accident, the condition of the barge on the date of the accident, policies and procedures concerning Cooper Marine's operations with barges on the date of the accident and generally, and Cooper Marine's training of towboat crewmembers.

3. Michael Defatta, MD – physician who examined Gage Garcia's body after the accident and will testify concerning the cause of death, nature of Mr. Garcia's injuries, the timing of Mr. Garcia's unconsciousness and death, and other findings made during the autopsy and discussed during his deposition.

4. Capt. Rick DiNapoli – expert witness who will testify concerning the barge fleeting operations ongoing at the time of the accident, training and procedures of Cooper Marine, barge fleeting operations generally, and other opinions to be designated with his report on or before October 24, 2025.

5. Corporate representative of Cooper Marine, Inc.

6. Corporate representative of Cooper/T. Smith Stevedoring, Inc.

7. Any witness listed by any other party.

8. Any witness needed for authentication purposes.

9. Any witness identified through discovery.

10. Any witness needed for rebuttal purposes.

**For Cooper Marine, Inc.:**

i. Taylor Reed – Captain, Cooper Marine, Inc.
Captain Reed may be contacted through undersigned counsel.
Captain Reed may testify regarding his work on the HONEST BOB on the day of the accident; his experience as a deckhand/steersman/mate pilot at Cooper; his training and qualifications; his experience working with Jared Lanoux and Gage Garcia; his knowledge about the accident and his post-accident emergency response; his experience working at the 164 fleet; and the work being performed on the day of the accident.

ii. Jared Lanoux – Deckhand, Cooper Marine, Inc.
Mr. Lanoux may be contacted through undersigned counsel.
Mr. Lanoux may testify regarding his work on the HONEST BOB on the day of the accident; his experience as a deckhand/steersman/mate pilot at Cooper; his training and qualifications; his experience working with Captain Taylor Reed and Gage Garcia; his knowledge about the accident and his post-accident emergency response; his experience working at the 164 fleet; and the work being performed on the day of the accident.

iii. Dr. Michael DeFatta
Jefferson Parish Coroner's Office
2018 8th Street
Harvey, LA 70058
Dr. DeFatta will be called to testify regarding his determination as to Gage Garcia's cause of death; his background, training, and education; his experience working as a coroner; his determination as to the timing of Gage Garcia's death post-accident and the bases thereto; and his findings noted in Gage Garcia's autopsy.

iv. Justin Garcia as the Personal Representative of Gage Garcia and the Estate of Gage Garcia - Claimant
Mr. Garcia may be contacted through his counsel of record.
Mr. Garcia may be called to testify regarding his knowledge, if any, regarding the facts and circumstances about the accident.

v. Corporate Representative for Cooper Marine, Inc.
Any corporate representative for Cooper Marine, Inc. may be contacted through undersigned counsel.
Cooper's representative may testify about its operations on the day of the accident; the condition of the M/V HONEST BOB; the nature of her work at the Nucor Steel facility; the training provided to Gage Garcia and the crew of the HONEST BOB; the facts and circumstances surrounding the accident, if known; Cooper's relationship with Nucor; and any reports of problems involving the HONEST BOB, her crew, or Ingram Barge No. IN176102 on the day of the incident.

vi. Corporate Representative for Nucor Steel Louisiana, LLC (May Call)
Any corporate representative for Nucor may be contacted through its counsel of record.
Nucor's representative may be called to testify regarding the operators at the Nucor Steel facility and, if known, the facts and circumstances surrounding the accident.

vii. Corporate Representative of Ingram Barge Company, LLC (May Call)
Any corporate representative for Ingram may be contacted through its counsel of record.
Ingram's representative may testify regarding the condition of the Barge IN176102 and any investigation it had into the accident underlying this litigation.

viii. Sgt. Arthur Flot (May Call)
St. James Sheriff's Office
PO Box 83
5800 Highway 44
Convent, LA 70723
Sgt. Flot may testify about the contents of his incident report and the bases thereof as well as his investigation into the incident.

ix. Sgt. John Poche (May Call)
St. James Sheriff's Office
PO Box 83
5800 Highway 44
Convent, LA 70723
Sgt. Poche may testify about the contents of his incident report and the bases thereof as well as his investigation into the incident.

x. Kyle Smith or other qualified representative of Kyle Smith Surveying to testify regarding the condition and fair market value of the M/V HONEST BOB.
5864 Orleans Ave.
New Orleans, LA, 70124

xi. Fred Budwine or other qualified expert designated by Ingram Barge Company or any other party (May Call)

Mr. Budwine may testify regarding the condition and fair market value of Ingram Barge No. 176102
923 Distributors Road
New Orleans, LC 70123

xii.  Captain O. Franklin Morton
Captain Morton will testify regarding the issues of vessel navigation, fleet work, the training of the crew of the HONEST BOB, the condition of the vessel, his experiences working as a port captain, fleet boat operator, captain of inland towing vessels, vessel compliance, and other topics relevant to this matter.
4210 St. Peter Street
New Orleans, LA 70119

xiii.  Any witness deposed in this litigation.

xiv.  Any witness necessary to authenticate documents/evidence.

xv.  Any witnesses whose identity is disclosed in discovery which is ongoing.

xvi.  Any witnesses necessary for rebuttal.

xvii.  Any witnesses listed by other parties in this litigation.

**14.    A statement indicating whether the case is a jury or non-jury case.**

Petitioner Cooper Marine Inc.'s limitation action is set to be tried without a jury. However, Claimant Justin Garcia, as personal representative and independent administrator of the Estate of Gage Garcia, has demanded a trial by jury on all non-limitation issues and has included as a defense in his answer that he be permitted to try his claims and damages in a court of his choosing. This is further the subject of his motion to bifurcate.

Cooper's Position: This matter will be tried as a bench trial. This matter has not been bifurcated. Claimant, Justin Garcia seeks bifurcation of the issues of liability/limitation and quantum. His Motion is currently pending before the Court. However, Cooper and Nucor oppose bifurcation and will submit Memoranda in Opposition to Justin Garcia's Motion at the appropriate deadline. As discussed in the Parties' October 15, 2025 Status Conference, bifurcation will not expedite resolution of this case or serve judicial efficiency. Moreover, it has the potential to create multiple trials on the same issues, creating questions of lis pendens and res judicata, resulting in inconsistent findings on the same issues.

**15.    A statement describing any other matters that might expedite a disposition of the case.**

Cooper's Position: This matter could be expedited by the Court granting summary judgment in favor of Cooper on the issue of liability and/or the limitation on Justin Garcia's recoverable damages.

Claimant's Position: The Claimant disagrees for the reasons that will be set forth in his opposition in response to the summary judgment.

16. **The issue of liability (will or will not) be tried separately from that of quantum.**

The issue of liability will be tried separately from that of quantum _____.

The issue of liability will not be tried separately from that of quantum _____.

17. **Trial shall commence on** November 12, 2025, at 8:30 a.m./p.m. The estimated length of trial is five days.

18. **This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.**

19. **Possibility of settlement.**

Possibility of settlement of this case was considered. There is a settlement conference set on November 4, 2025 at 10:00am.

Respectfully submitted,

/s/ John Grinnan
J. Kyle Findley, T.A. (#34922)
kfindley@arnolditkin.com
John G. Grinnan *pro hac vice*
Tex. Bar. No. 24087633
jgrinnan@arnolditkin.com
Kala F. Sellers (#36182)
ksellers@arnolditkin.com
Aileen Christensen *pro hac vice*
Tex. Bar. No. 24142784
achristensen@arnolditkin.com
ARNOLD & ITKIN LLP
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850

ATTORNEYS FOR CLAIMANT JUSTIN GARCIA

/s/Laurent J. Demosthenidy
Harold J. Flanagan (#24091)
Laurent J. Demosthenidy (#30473)
Anders F. Holmgren (#34597)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251

**ATTORNEYS FOR NUCOR STEEL LOUISIANA LLC**

/s/Kathryn L. Briuglio
Wilton E. Bland, IV (#33015)
Michael T. Neuner, T.A. (#36605)
Kathryn L. Briuglio (#40291)
MOULEDOUX, BLAND, LEGRAND & BRACKETT
701 Poydras Street, Suite 600
New Orleans, LA 70139
Telephone: 504-595-3000
Facsimile: 504-522-2121
E-Mail:        wblandiv@mblb.com
               mneuner@mblb.com
               kbriuglio@mblb.com

**ATTORNEYS FOR COOPER MARINE, INC.**

IT IS SO ORDERED AND SIGNED this _____ day of _____ 2025.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE