UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF COOPER MARINE, INC., AS THE OWNER AND OPERATOR OF THE M/V HONEST BOB, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * | CIVIL ACTION NO. 24-2778 *c/w* NO. 25-730  JUDGE ELDON E. FALLON  MAGISTRATE JUDGE MICHAEL B. NORTH |
| *   *   *   *   *   *   *   *   * | | |

### ORDER & REASONS

Before the Court is a Motion to Bifurcate filed by personal injury Claimant Justin Garcia, as personal representative and independent administrator of the Estate of Gage Garcia ("Claimant"). R. Doc. 69. Cooper Marine, Inc. ("Cooper Marine") and Nucor Steel Louisiana, LLC ("Nucor") each oppose the motion. R. Docs. 80, 81. Claimant did not file a reply. Considering the record, briefing, and applicable law, the Court now rules as follows.

**I. BACKGROUND**

The following factual narrative briefly summarizes the relevant admitted/uncontested material facts from the motions for summary judgment that the Court is simultaneously considering. *See* R. Docs. 82-1 (Claimant's Response to Nucor's Statement of Undisputed Facts); R. Doc. 83-1 (Claimant's Response to Cooper Marine's Undisputed Facts).

This action for exoneration from or limitation of liability arises from the tragic death of Gage Garcia ("Mr. Garcia"), an employee working aboard Cooper Marine's vessel, the M/V HONEST BOB ("Honest Bob"). R. Doc. 83-1 at 1. Mr. Garcia worked as a deckhand on the Honest Bob while it performed fleeting operations on the Mississippi River at Nucor's facility. *Id.* Just over a year ago, on October 15, 2024, Mr. Garcia served as one member of a three-person crew aboard the Honest Bob. R. Doc. 82-1 at 2. Around 2:15 p.m. on October 15, the Honest Bob took a barge loaded with Nucor's product from the Nucor dock/facility to secure it in a nearby fleeting area on the river. R. Doc. 83-1 at

1

3; R. Doc. 82-1 at 1. After arriving at the fleet, the Honest Bob's captain directed Mr. Garcia to secure the tugboat's headline to the center kevel of the barge. R. Doc. 83-1 at 3–4. The captain saw Mr. Garcia step off the starboard side of the vessel and onto the barge. *Id.* Mr. Garcia's fellow deckhand was already on the barge at this time, and he heard the captain call for Mr. Garcia over the radio twice before hearing the captain's screams. *Id.* at 4.

The captain shouted after finding Mr. Garcia in the water on the starboard side of the Honest Bob. *Id.* Once the other deckhand caught up to the captain, he too observed Mr. Garcia unresponsive in the water. *Id.* The captain and the deckhand pulled Mr. Garcia out of the water and onto the barge, and then carried him onto the Honest Bob. *Id.* at 5. Mr. Garcia was already dead when his crewmates pulled him from the water. R. Doc. 82-1 at 2. Both the captain and the deckhand testified that they did not hear or see how Mr. Garcia fell into the water. R. Doc. 83-1 at 4–5.

Cooper Marine filed the instant limitation of liability action seeking exoneration from or limitation of liability in connection with the above-described incident. R. Doc. 1. Mr. Garcia's estate timely filed an answer and claim. R. Doc. 7. In it, Claimant "demand[ed] a trial by jury to the full extent permitted by law, while still reserving his rights to have his claims against non-Petitioner parties decided by a jury, including damages and non-limitation issues separately, as they relate to the Petitioner." *Id.* at 14.

## II. PRESENT MOTION

Less than a month before trial, and without having pursued his right to file an action in state court or having asked this Court to lift its injunction, Claimant asks the Court to bifurcate the imminent trial. R. Doc. 69. He argues that bifurcating trial between liability and damages will preserve his right to "try damages to a state court jury." R. Doc. 69-1 at 2. Citing *Archer Daniels Midland Co. v. M/T American Liberty*, No. 19-10525, 2020 WL 1889123 (E.D. La. April 16, 2020), Claimant presses that

a bifurcated trial would promote settlement, shorten trial, promote judicial economy, and resolve the conflict between the Limitation of Liability Act and the "Saving to Suitors" clause. *Id.* at 4, 6–7.

Cooper Marine and Nucor separately oppose the motion. R. Docs. 80, 81. Cooper Marine contends that Claimant cannot satisfy the bifurcation elements listed in Federal Rule of Civil Procedure 42(b). R. Doc. 80. Nucor advances substantially similar arguments to those of Cooper Marine. R. Doc. 81.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(b), a district court "may order a separate trial" of any issue or claim "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed R. Civ. P. 42(b); *see also Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994); *Guedry v. Marino*, 164 F.R.D. 181, 186 (E.D. La. 1995). The rule leaves the decision to order the separation of a particular issue to the sound discretion of the Court. *See Conkling*, 18 F.3d at 1293; *O'Malley v. U.S. Fidelity & Guar. Co.*, 776 F.2d 494, 500 (5th Cir. 1985); *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992) ("[C]ourts have repeatedly emphasized that whether to bifurcate a trial . . . is always a question committed to the sound discretion of the trial court, and the court is expected to exercise its discretion on a case-by-case basis."). Bifurcation is appropriate when the separation of issues will "achieve the purposes" of Rule 42(b). *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2388 (3d ed. Sept. 2025 update).

It is well established, however, that "separate trials should be the exception, not the rule." *Laitram*, 791 F. Supp. at 114; *see also McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed."). Indeed, "the Fifth Circuit has . . . cautioned district courts to bear in mind before ordering separate trials in the same case that the 'issue to be tried [separately] must be so distinct and separable from

the others that a trial of it alone may be had without injustice.'" *Laitram*, 791 F. Supp. at 115 (alteration in original) (quoting *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964)). "In sum, courts must consider the justifications for bifurcation in relation to the facts of the individual case, giving particular consideration to the avoidance of prejudice, in order to determine if a separate trial is appropriate." *Id.* at 114–15 (noting that when determining whether to bifurcate, a court "must balance the equities" and "exercise its discretion on a case-by-case basis").

## IV. DISCUSSION

The Court will not bifurcate the trial in this matter. Instead, the Court will protect the Claimant's rights under the "saving to suitors" clause by impaneling a jury that will (1) serve in an advisory capacity on exoneration matters, and (2) serve in its full capacity on non-limitations matters. This determination is within this Court's discretion and is proper considering Rule 42(b) of the Federal Rules of Civil Procedure. The Court takes each of the three Rule 42(b) factors in turn.

### A. Convenience

Rule 42(b) allows for bifurcation of trial "[f]or convenience." It would not be convenient to bifurcate this trial. Claimant filed his motion less than a month from trial and on the eve of the parties' deadline to file summary judgment motions. The discovery period ended four days later, extended to this late hour at the request of the parties. And the factual contentions raised in the presently-pending summary judgment motions demonstrate that the evidence relevant to both limitation and damages are deeply intertwined. "Courts have generally recognized that when issues [of limitation and the extent of damages] are intertwined and may require the same evidence, bifurcation of these issues . . . is not an appropriate remedy." *In re Bertucci Contracting Co.*, No. 12-664, 2015 WL 114174, at *3 (E.D. La. Jan. 8, 2015).

In this case, Claimant "concedes that its losses are limited to 'pecuniary' losses . . . includ[ing] funeral expenses, medical expenses, and the decedent's pre-death fear, pain, and suffering." R. Doc. 83 at 17–18. Moreover, Claimant is the only person or entity in this action seeking damages in the traditional sense, as Nucor is a contribution/indemnity claimant. *See Odeco Oil and Gas Co. v. Bonnette*, 74 F.3d 671, 675 (5th Cir. 1996) (*Odeco II*) ("parties seeking indemnification and contribution from a shipowner must be considered claimants within the meaning of the Limitation Act"). Because the evidence is limited to one personal injury claimant, it is clear to this Court that there is significant overlap in evidence as to the issues of damages, causation, liability, and limitation. And considering the limited nature of the evidence and the timing of the bifurcation motion, separating the trials would cause frustration, multiplication of proceedings, and would deeply inconvenience the parties with respect to both their time and their money spent preparing for the November trial. In short, it would not be convenient to conduct separate liability and damages trials in this case.

### B.  Avoiding Prejudice

Claimant has not carried his burden of demonstrating that bifurcation would "avoid prejudice." Fed. R. Civ. P. 42(b). Claimant submits that Cooper Marine filed this limitation action before it had a chance to bring claims against Cooper Marine in state court. R. Doc. 69-1 at 2. Thus, Claimant fears that he is prejudiced because the injunction prevents him from exercising his rights under the Jones Act to file in state court. *Id.* However, considering the present posture of this case, it appears that bifurcation would create more prejudice that it would seemingly remedy.

"Prejudice is the Court's most important consideration in deciding whether to order separate trials under Rule 42(b)." *Laitram*, 791 F. Supp. at 115. Sometimes trying all the issues in a case at once is prejudicial to the parties because of jury confusion and record cluttering, and other times bifurcation is prejudicial when there is evidence of considerable delay between the separate trials. *Id.* at 115–16.

5

Here, the Court has already opined on the limited nature of the issues to be presented at trial, so the Court is not concerned of any jury confusion or record cluttering. "Bifurcation . . . is used in complex trials to avoid jury confusion" and is thus not warranted in this case. *Becnel v. Lamorak Ins. Co.*, No. 19-14536, 2022 WL 2467675, at *1 (E.D. La. July 6, 2022).

But there is evidence that the parties will be prejudiced by unreasonable delay. Claimant has not filed a state court action and wishes to preserve his right to file a state court action should limitation be denied. *E.g.*, R. Doc. 69-1 at 2, 6. Thus, as noted by Nucor, "any bifurcation leading to a state-court damages trial . . . would require the filing of a totally new lawsuit and delay in waiting for a trial date." R. Doc. 81 at 5. This reality, combined with the timing of the instant motion, shows that bifurcation would create "unreasonable delay in [this] case's resolution." *Laitram*, 791 F. Supp. at 116. Claimant asks for bifurcation at this late hour, and it is his "'burden to demonstrate that judicial economy would be promoted and that the non-moving part[ies] will not suffer prejudice.'" *Becnel*, 2022 WL 2467675, at *1 (quoting *Wesco Ins. Co. v. Tauler Smith LLP*, No. 19-8171, 2020 WL 4369496, at *1 (C.D. Cal. Mar. 10, 2020)). He has not done so. "This Court fully embraces the time-honored premise that 'an unreasonable delay in a case's resolution amounts to prejudice to the one opposing separation. Such delay is clearly not in the public interest.'" *Guedry v. Marino*, 164 F.R.D. 181, 186 (E.D. La. 1995) (quoting *Laitram*, 791 F. Supp. at 116).

### C. Expedition and Economy

Third, bifurcation would not expedite nor economize this case. To the contrary, this Court has already engaged in considerable discussion as to why bifurcation will directly operate against expedition and economy. To demonstrate when bifurcation *does* foster swift resolution and promote judicial economy, the Court distinguishes the instant case from *Archer Daniels*.

As Claimant explained, the *Archer Daniels* court granted bifurcation in a case involving "a tanker [that] crashed into several vessels and injured multiple crewmembers." R. Doc. 69-1 at 5; *Archer Daniels*, 2020 WL 1889123, at *1. In that case, a tugboat assisted a tanker in her turn to sea, but the tanker lost control/engine power and allided with another vessel and two barges. *Id.* This allision injured several dockworkers and caused the two barges to break loose and travel downriver. *Id.* These loose barges and the tanker then allided with an elevator grain facility, damaging another vessel as well as a fleet of stationary barges. *Id.* The district court bifurcated liability from damages because it would "economize and expedite the proceedings." *Id.* at *3. That court bifurcated the damages trial because damages issues "w[ould] involve separate and potentially complicated questions, such as the economic complexities of large property-loss claims." *Id.* Therefore, bifurcating the case could "enable the Court to decide the core issues driving the litigation expeditiously, and may eliminate the need for a trial of some or all damages issues as a result of settlements or rulings on the merits." *Id.*

The instant case is easily distinguishable from the foregoing. Here, there is one personal injury claimant. R. Doc. 7. One other entity has a pending contribution and indemnity claim. R. Doc. 8. Claimant filed a general maritime negligence claim against the contribution/indemnity claimant. R. Doc. 50. Thus, the trial in this matter concerns limited, straightforward issues, as compared to the competing and complex claims and crossclaims in *Archer Daniels*. Neither the Court on issues of limitation, nor the jury on issues of damages, will bear a heavy burden of balancing complex parties, claims and counterclaims, and difficult economic issues faced by the factfinders in *Archer Daniels*.[1]

---

[1] The Court notes that it has granted a motion to bifurcate in a single-personal-injury-claimant case in the past. *See Ingram Barge Co. LLC v. Caillou Island Towing Co.*, No. 21-261, 2022 WL 952257 (E.D. La. Mar. 30, 2022) (Fallon, J.). However, the facts and circumstances in that case much more closely mirror those present in *Archer Daniels* than what is present in the instant case. In *Ingram Barge*, multiple vessels collided, and their owners each filed limitation actions and asserted claims against each other contending that the others' vessels were unseaworthy and/or that the captain(s) and crew(s) of the other vessel(s) operated them in a negligent fashion. *Id.* at *1. Thus, just like in *Archer Daniels*, bifurcation promoted judicial economy in *Ingram Barge* because the Court's initial resolution of limitation questions would resolve complex, overlapping liability issues. *Id.* at *2.

### D. The Impaneled Jury

Claimants requested a trial by jury on all damages and non-limitations issues in its answer to Cooper Marine's exoneration/limitation petition. R. Doc. 7 at 14. Courts in this circuit have impaneled juries to try non-limitations issues in circumstances such as this. *See In re Am. Boat Co.*, No. 16-506, 2017 WL 2120067, at *2, n.21 (E.D. La. May 16, 2017) (collecting cases). Thus, like other courts in this district, this Court holds that impaneling a jury to try Claimant's Jones Act and general maritime law claims while simultaneously preserving Cooper Marine's right to a bench trial on the issue of limitation "is an appropriate compromise here." *In re Crescent Energy Servs., LLC*, No. 15-819, 2015 WL 7574771, at *4 (E.D. La. Nov. 25, 2015); *see also Alexander v. Intracoastal Tug & Barge Co.*, No. 23-2566, 2025 WL 92343, at *2 (E.D. La. Jan. 14, 2025) (discussing various courts' strategies in vindicating Jones Act right to jury trial and limitation right to bench trial, and ultimately denying request to bifurcate trial).

Pursuant to this Court's power under Rule 39(c) of the Federal Rules of Civil Procedure, the Court will impanel a jury for the entire duration of this trial, using it in an advisory capacity on exoneration and in its full capacity on non-limitations issues. *E.g.*, *Verdin v. C & B Boat Co., Inc.*, 860 F.3d 150, 153 (5th Cir. 1988) (discussing, without finding issue with, the parties' agreement to utilize an advisory jury in a limitation-only trial after the single Jones Act claimant settled the first day of trial); *In re Complaint of Seabulk Offshore, Ltd.*, No. 97-2120, 1999 WL 299015, at *1 (E.D. La. May 11, 1999) (discussing "the Fifth Circuit's silence in limitation appeals from jury verdicts" and that the "Fifth Circuit limitation jurisprudence is replete with appeals taken from jury verdicts [in limitation cases] without a discussion of the issue of entitlement").

### V. CONCLUSION

Considering the foregoing;

**IT IS ORDERED** that the motion to bifurcate, R. Doc. 69, is **DENIED**.

New Orleans, Louisiana, this 29th day of October, 2025.

                                                  THE HONORABLE ELDON E. FALLON